THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA DAVIS JAVITZ,

    Plaintiff,

v.

LUZERNE COUNTY, et al.,

    Defendants.

3:15-CV-2443
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff Donna Davis Javitz's "Motion for Reconsideration Under Federal Rule of Civil Procedure 59" (Doc. 113). The Motion asks this Court to reconsider its Memorandum Opinion and accompanying Order of March 29, 2018, (Docs. 108, 109), which granted Defendants' Motion for Summary Judgment with respect to Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. For the reasons that follow, the Court will deny Plaintiff's Motion.

### II. PROCEDURAL HISTORY

Plaintiff initiated this wrongful termination action against Defendants Luzerne County, Robert Lawton, and David Parsnik on December 21, 2015. (Doc. 1). After this Court resolved Defendants' Motion to Dismiss and Plaintiff amended her complaint, the following counts remained: a 42 U.S.C. § 1983 claim against all Defendants for violation of Plaintiff's

Fourteenth Amendment due process rights (Count I), a section 1983 claim against all Defendants for retaliation in violation of Plaintiff's First Amendment rights (Count II), a state law claim against Defendant Luzerne County for breach of legislative enactments (Count III), and a state law claim against all Defendants for violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423(a), (Count IV). (Doc. 58). In short, Plaintiff claimed that she was terminated from her position as Director of Human Resources for Luzerne County without cause and in retaliation for a report she made to the District Attorney about suspected criminal activity of another County employee.

After the close of discovery, Defendants filed a Motion for Summary Judgment.[1] (Doc. 66). The Court issued a ruling on the Motion on March 29, 2018. (Docs. 108, 109). Addressing Plaintiff's Fourteenth Amendment claim, the Court first found that under the terms of the Luzerne County Home Rule Charter and Personnel Code, career service employees could only be terminated for just cause while exempt service employees were employed at-will and could be fired without cause. (Doc. 108 at 7-10). The Court then determined that the language of those documents was circular and that the Director of Human Resources was neither categorically a career service employee nor an exempt service employee. (Id. at 10-12). Turning to the offer of employment that Plaintiff signed when she was hired by the County, the Court held that it was a fully integrated contract that unambiguously classified Plaintiff as an at-will, exempt service employee. (Id. at 12-16).

---

[1] Plaintiff also filed a Motion for Summary Judgment, (Doc. 62), which the Court denied. Plaintiff does not move for reconsideration of the Court's ruling as it pertains to her summary judgment motion.

2

Thus, because Plaintiff was an at-will employee who had no property interest in her continued employment, the Court ruled that her Fourteenth Amendment claim failed as a matter of law. (*Id.* at 16-17).

Turning next to Plaintiff's First Amendment retaliation claim, the Court summarized the undisputed facts as follows:

> under the County Ethics Code, Plaintiff was "encouraged to disclose any information which . . . she believe[d] evidences a violation of any law, rule or regulation." When Plaintiff first became concerned that another County employee had recorded her in violation of Pennsylvania law, she reported it to her supervisor, Defendant Parsnik, and the County Solicitor, David Pedri. Defendant Parsnik and Solicitor Pedri agreed that it appeared that Plaintiff was recorded without her consent. Plaintiff recommended taking the information to another County employee, the District Attorney, and Defendant Parsnik agreed. Plaintiff then emailed someone at the District Attorney's Office to set up a meeting and notified Defendant Parsnik of the meeting. Plaintiff then went with Defendant Parsnik to discuss the matter with District Attorney Salavantis and, in the meeting, Defendant Parsnik did all or most of the talking.

(*Id.* at 21-22) (alterations in original) (citations omitted). Based on the undisputed facts that "Plaintiff became aware of the information through her employment, was encouraged to report the information by the policies of her employer, and reported the information only to other County employees," the Court held that Plaintiff was not acting as a citizen when she made the report to the District Attorney. (*Id.* at 22). Further, the Court ruled that Plaintiff's subsequent inquiries into the status of the District Attorney's investigation were not made as a citizen and were not matters of public concern. (*Id.* at 23-26). Thus, because the

3

undisputed facts showed that Plaintiff did not speak as a citizen on a matter of public concern, the Court held that her retaliation claim failed as a matter of law. (*Id.* at 26).

Finally, as all the federal causes of action were dismissed, the Court declined to retain jurisdiction over Plaintiff's remaining state law claims. (*Id.* at 27-28).

### III. STANDARD OF REVIEW

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is akin to a motion for reconsideration.[2] *See McDowell Oil Serv., Inc., v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only (1) if there is an intervening change in the controlling law; (2) if new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part*

---

[2] One important distinction, however, is that a party has twenty-eight days after the entry of judgment to file a motion to alter or amend judgment, *see* FED. R. CIV. P. 59(e), but only fourteen days after entry of an order to file a motion for reconsideration, *see* Local Rule 7.10.

*and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## IV. ANALYSIS

Plaintiff first argues that this Court committed a clear error of fact when it ruled that the Home Rule Charter and Personnel Code do not establish that Plaintiff was a career service employee. (Doc. 114 at 3-6). Plaintiff agrees with the Court that "the language defining career and exempt service positions between the Charter and the Code was circular." (*Id.* at 3). Nevertheless, Plaintiff argues that the Court erred by failing to look at the provisions under which Plaintiff was hired. That is, Plaintiff argues that those hired in the exempt service are "appointed" pursuant to section 4.08 of the Home Rule Charter. Plaintiff contends that the record is undisputed that she was not "appointed." Plaintiff further argues that there was evidence that she was hired pursuant to section 7.05 of the Home Rule Charter which deals with filling vacancies in the career service.

Plaintiff's argument misconstrues both the law and the Court's summary judgment Opinion. As stated in the Court's Opinion, in Pennsylvania, in the absence of a contract or legislation to the contrary, an employee is employed at-will and can be terminated without cause. *See Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 335 (Pa. 1995); *Elmore v.*

5

*Cleary*, 399 F.3d 279, 283 (3d Cir. 2005). Here, as Plaintiff concedes, the definition of career service and exempt service are circular between the Charter and Code with respect to Plaintiff's position. Plaintiff has pointed to no other legislative enactment that categorizes the director of human resources into the career service or the exempt service. Thus, the director of human resources is legislatively neither a career service employee nor an exempt service employee. There is, therefore, no legislative enactment that, on its face, overcomes the presumption of at-will employment with respect to the director of human resources position. Consequently, the County was free to offer Plaintiff employment on an at-will basis.

As a result of the above, whether or not Plaintiff was hired pursuant to the career service provisions is irrelevant for two reasons. First, the hiring process that the County used, in and of itself, does not confer any status on prospective employees. That is, until the time of hire, prospective employees are not in the career service or the exempt service because they are not yet employees. As this process does not confer any employment status on prospective employees, an employee does not gain his or her status until the time of hire. While it is possible that the method of recruitment may be relevant to determining employment status in a case where it is unclear whether the employee was hired into the career service or the exempt service, it is irrelevant in cases such as this where the employment contract unambiguously places the employee into the exempt service.

Second, because Plaintiff signed a fully integrated and unambiguous contract at the time of hire, evidence of the process used to recruit her cannot be used to vary the terms of the contract. As discussed in the Court's Opinion, when a contract "represents a final and complete expression of the parties' agreement," it is considered integrated. *Lenzi v. Hahnemann Univ.*, 664 A.2d 1375, 1379 (Pa. Super. Ct. 1995). "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2004). Here, because Plaintiff signed a fully integrated and unambiguous contract, the parol evidence rule bars Plaintiff from using her pre-formation interactions with County employees to vary the terms of her contract with the County.

Next, Plaintiff argues that the Court committed a clear error of law and fact with respect to its interpretation of the employment contract. (Doc. 114 at 6-11). Plaintiff's argument in this respect largely takes issue with the Court's holding that the word "exempt" in the employment contract refers to the exempt service. Plaintiff argues that "exempt" refers to exempt status under the Fair Labor Standards Act or, at the very least, is ambiguous.

The Court notes that Plaintiff already made this argument in her opposition to summary judgment, and the Court has already addressed it. (Doc. 94 at 14-15; Doc. 108 at

7

14). As such, this argument is improper on a Motion to Amend or Alter Judgment as it is nothing more than an attempt "to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan*, 877 F. Supp. 2d at 226. Further, the argument is without merit for at least two reasons. First, all of Plaintiff's arguments as to why "exempt," as used in the employment contract, is ambiguous ignore a basis tenet of contract interpretation that "[t]he meaning of a particular phrase is not properly determined by considering the phrase in isolation but by reading it in harmony with the rest of the contract." *Contrans, Inc. v. Ryder Truck Rental, Inc.*, 836 F.2d 163, 169 (3d Cir. 1987). While Plaintiff urges this Court to read "exempt" to mean exempt status under the Fair Labor Standards Act, the contract makes no reference to the Fair Labor Standards Act. However, the contract does indicate that Plaintiff's position "is 'At Will' consistent with applicable PA State Law." (Doc. 69-4). Accordingly, reading "exempt" as referring to exempt service is consistent with the rest of the contract.

Second, even if this Court were to assume Plaintiff is correct, and that "exempt" refers to the Fair Labor Standards Act, it would not change the outcome of the case. Even if "exempt" does not refer to exempt service employee, the letter clearly identifies Plaintiff as an at-will employee. Thus, even accepting Plaintiff's interpretation of "exempt" as used in the contract, the document still unambiguously establishes that Plaintiff was hired on an at-

will employment basis and could be fired without just cause.[3] Because she was hired as an at-will employee, she was necessarily an exempt service employee.

Lastly, Plaintiff argues that the Court made a clear error of law when it dismissed her First Amendment retaliation claim. (Doc. 114 at 11-12). Specifically, Plaintiff argues that the Court failed to consider section 105.01 of the Ethics Code which required her to report misconduct to the "ACE Commission." According to Plaintiff, the fact that she made her report to the District Attorney, and not the ACE Commission, shows that she was acting as a citizen and not as an employee.

Initially, the Court notes that the portion of the Ethics Code that Plaintiff now cites is not in the record. Indeed, Plaintiff's brief provides two citations to the record. Both of the documents that Plaintiff cites, however, contain Robert Lawton's deposition, not section 105.01 Ethic Code. (Docs. 93-8, 69-9). Because Plaintiff failed to put section 105.01 of the Ethics Code into the record and has not shown that it was unavailable to her at the time of summary judgment, the Court considers this argument waived. See Jasin, 292 F. Supp. 2d at 677. Moreover, even if the Court were to now consider section 105.01 of the Ethics Code, it would not affect the Court's ruling. Assuming the veracity of Plaintiff's description of section 105.01, it states that employees "have *the right* to lodge a formal complaint with the ACE Commission." (Doc. 114 at 12) (emphasis added). It does not mandate that the

---

[3] Plaintiff argues that the use of the term "At Will" is not dispositive because the County cannot contract around the dictates of the Charter and the Code. (Doc. 114 at 10-11). As already discussed, neither the Charter nor the Code mandates that Plaintiff's position was a career service position, and thus an offer of at-will employment did not violate either enactment.

9

ACE Commission is the only avenue for allegations of wrongdoing. It does not discourage employees from making reports to other County employees. Most importantly, it does not change the undisputed facts. Plaintiff still became aware of the alleged wrongdoing through her employment, was still encouraged to report the information by the policies of her employer, and still reported the information only to other County employees. *See Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 652-53 (3d Cir. 2018). The mode and manner of Plaintiff's speech was still only available to her by virtue of her employment. *See De Ritis v. McGarrigle*, 861 F.3d 444, 454 (3d Cir. 2017). Thus, even if Plaintiff's argument concerning section 105.01 of the Ethics Code was not waived, it would not merit altering the judgment in favor of Defendants.[4]

## V. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's "Motion for Reconsideration Under Federal Rule of Civil Procedure 59" (Doc. 113). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[4] Plaintiff also points to evidence in the record that she pursued the alleged wrongdoing even after she was terminated. She argues that this evidence shows that she was acting as a citizen when she made the report to the District Attorney. (Doc. 114 at 12-13). Plaintiff, however, fails to cite a single case where a court considered post-termination activity to determine whether a former public employee's pre-termination speech was made in the capacity of a citizen or an employee. Nevertheless, even assuming this information is relevant, the Court is unconvinced that Plaintiff's post-termination pursuit of the investigation undercuts the Court's ruling in light of the undisputed facts discussed above. An individual's personal interest in work activity does not convert the work activity into a personal activity.