# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DAVIS JAVITZ, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-2443 |
| | : (JUDGE MARIANI) |
| LUZERNE COUNTY, et al., | : |
| Defendants. | : |

## MEMORADUM OPINION

Here the Court considers Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Hybrid Representation (Doc. 147). With the motion, Defendants seek an order precluding Plaintiff from appearing both *pro se* and through counsel. (*Id.*)

## I. BACKGROUND

On December 21, 2015, Plaintiff filed the above-captioned action after she was terminated from her position as the Director of Human Resources of Luzerne County, Pennsylvania. (Doc. 1.) Plaintiff was hired for the position on August 4, 2014, and was terminated on October 26, 2015. (*Id.* ¶¶ 39, 72, 78.) Pursuant to 42 U.S.C. § 1983, the Complaint contained a Fourteenth Amendment procedural due process claim and a First Amendment retaliation claim. (*Id.*) Plaintiff also asserted a Breach of Contract claim and a claim for Violation of PA Whistleblower Act and Wrongful Termination in Violation of Public Policy 43 P.S. Section 1423(A). (*Id.*) Defendants in the action are Luzerne County, Robert

Lawton, County Manager for Luzerne County at all relevant times, and David Parsnik, Division Head for Administrative Services for Luzerne County at all relevant times. (*Id.* ¶¶ 2-4.) Plaintiff subsequently filed an Amended Complaint on February 19, 2016, (Doc. 18) and a Second Amended Complaint on April 5, 2017, (Doc. 58).

In response to Defendants' Motion for Summary Judgment (Doc. 66), the Court issued a Memorandum Opinion (Doc. 108) and Order (Doc. 109) on March 29, 2018, granting Defendants' motion in part and directing the Clerk of Court to enter judgment in favor of Defendants on Plaintiff's Fourteenth Amendment due process claim and First Amendment retaliation claim. (Doc. 109 ¶¶ 2, 3.) The Court also dismissed Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* ¶ 4.)

After the Court denied Plaintiff's Motion for Reconsideration Under Federal Rule of Civil Procedure 59, Plaintiff appealed the Court's determination regarding the First Amendment and Fourteenth Amendment claims. (Docs. 113, 117, 118.) With its October 10, 2019, opinion, the Circuit Court affirmed the Court's ruling regarding the Fourteenth Amendment due process claim and remanded the matter for further proceedings regarding the First Amendment retaliation claim. *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019).

As a result of this decision, the only claim now before this Court is Plaintiff's First Amendment retaliation claim. Trial is set to commence on June 30, 2021. (*See* Doc. 198.)

The parties have filed numerous motions in limine (Docs. 147, 149, 151, 153, 169, 170), including Defendants' motion at issue here, which are now ripe for disposition.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." Id. While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the

district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

With the pending motion, Defendants assert that Plaintiff must not be permitted to act as trial counsel in this matter because she is represented by counsel. (Docs. 147, 148.) They argue as follows:

> It is well established that although an individual may appear before the court *pro se*, she cannot appear both pro se and through counsel. *Aluminum*

4

> *Shapes, Inc., v. Pual Frank Roofing & Waterproofing Co.*, No. CIV. A. 94-0202, 1994 WL 410507, *2 (E.D. Pa. Aug. 5, 1994) (citing 28 U.S.C. § 1654) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.); *see also Move Organization v. City of Philadelphia*, 89 F.R.D. 521 (E.D. Pa. 1981) (holding that civil rights plaintiff may either appear pro or through counsel, but he has no right to "hybrid" representation). Here, Plaintiff is presently represented by counsel and, therefore, must not be permitted to act as trial counsel in this matter. *Id.* Further, in the event that Attorney Lauer and Attorney Welsh are permitted to withdraw their appearances on behalf of Plaintiff and Plaintiff secures new counsel, Plaintiff must not be permitted to act as trial counsel in this matter. *Id.*

(Doc. 148 at 3.)

At the time Defendants filed this motion, Attorneys Lauer and Welsh had filed the Motion for Leave to Withdraw Appearances (Doc. 146) which the Court granted by Order of March 17, 2020, (Doc. 157).[1] On April 13, 2020, Attorney Mark Frost entered his appearance on behalf of Plaintiff. (Doc. 166.)

Plaintiff did not file a response to the pending motion and the time for doing so has passed. Therefore, pursuant to Local Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, Plaintiff is deemed not to oppose the motion.

The Court concurs with Defendants that Plaintiff is properly precluded from acting as trial counsel in this matter because she is represented by counsel. From the time he entered his appearance, Attorney Frost has represented Plaintiff and the Court expects that

---

[1] Attorneys Lauer and Welsh sought to withdraw in part based on their assertion that Plaintiff continued to act as her own counsel while they were representing her which included her filing documents on the docket and having direct contact with counsel for Defendants. (*See* Doc. 146 ¶¶ 4-7.)

he will continue to do so for the duration of this case. Therefore, Plaintiff will not be permitted to act in a *pro se* capacity.

## IV. CONCLUSION

For the reasons discussed above, Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Hybrid Representation (Doc. 147) will be granted. A separate Order is filed simultaneously with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge