# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DAVIS JAVITZ, | : | |
| Plaintiff, | : | |
| v. | : | 3:15-CV-2443 |
| | : | (JUDGE MARIANI) |
| LUZERNE COUNTY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Here the Court considers Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Evidence Regarding Unnecessary Elements of Plaintiff's First Amendment Claim, Including Plaintiff's Attempt to Subject Paula Schnelly to a Transcription Test (Doc. 149). With the motion, Defendants seek an order precluding Plaintiff "from referencing or introducing evidence related to the purported transcription test given to Paula Schnelly during her deposition and the resultant exhibits." (*Id.* at 7.)

## I. BACKGROUND

On December 21, 2015, Plaintiff filed the above-captioned action after she was terminated from her position as the Director of Human Resources of Luzerne County, Pennsylvania. (Doc. 1.) Plaintiff was hired for the position on August 4, 2014, and was terminated on October 26, 2015. (*Id.* ¶¶ 39, 72, 78.) Pursuant to 42 U.S.C. § 1983, the Complaint contained a Fourteenth Amendment procedural due process claim and a First Amendment retaliation claim. (*Id.*) Plaintiff also asserted a Breach of Contract claim and a

claim for Violation of PA Whistleblower Act and Wrongful Termination in Violation of Public Policy 43 P.S. Section 1423(A). (*Id.*) Defendants in the action are Luzerne County, Robert Lawton, County Manager for Luzerne County at all relevant times, and David Parsnik, Division Head for Administrative Services for Luzerne County at all relevant times. (*Id.* ¶¶ 2-4.) Plaintiff subsequently filed an Amended Complaint on February 19, 2016, (Doc. 18) and a Second Amended Complaint on April 5, 2017, (Doc. 58).

In response to Defendants' Motion for Summary Judgment (Doc. 66), the Court issued a Memorandum Opinion (Doc. 108) and Order (Doc. 109) on March 29, 2018, granting Defendants' motion in part and directing the Clerk of Court to enter judgment in favor of Defendants on Plaintiff's Fourteenth Amendment due process claim and First Amendment retaliation claim. (Doc. 109 ¶¶ 2, 3.) The Court also dismissed Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* ¶ 4.)

After the Court denied Plaintiff's Motion for Reconsideration Under Federal Rule of Civil Procedure 59, Plaintiff appealed the Court's determination regarding the First Amendment and Fourteenth Amendment claims. (Docs. 113, 117, 118.) With its October 10, 2019, opinion, the Circuit Court affirmed the Court's ruling regarding the Fourteenth Amendment due process claim and remanded the matter for further proceedings regarding the First Amendment retaliation claim. *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019).

As a result of this decision, the only claim now before this Court is Plaintiff's First Amendment retaliation claim. Plaintiff claims that she was terminated in violation of her First Amendment rights after she filed a report with the Luzerne County District Attorney alleging that Paula Schnelly, AFSCME local president and an employee of the District Attorney's office in Luzerne County, illegally recorded a meeting conducted by Plaintiff with AFSME representatives and union members present. (Doc. 58 ¶¶ 50, 51, 55.) The meeting had to do with an unfair labor practice charge AFSME had filed with the Pennsylvania Labor Relations Board against Luzerne County in or about March 2015. (*Id.* ¶¶ 54-44.)

Defendants contend that "Plaintiff was terminated because of her conduct towards the unions, her refusal to follow through with hiring a Human Resources Business Partner, her failure to initiate policies, procedures and initiatives as directed and issues with the employment application for a candidate for an assistant public defender." (Doc. 67 ¶ 70 (citing Ex. 7 to Defendants' Appendix at 42:11-24).)

Trial is set to commence on June 30, 2021. (*See* Doc. 198.) The parties have filed numerous motions in limine (Docs. 147, 149, 151, 153, 169, 170), including Defendants' motion at issue here, which are now ripe for disposition.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion

3

to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." *Id.* While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

4

518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. ANALYSIS

With the pending motion, Defendants assert that Plaintiff must be precluded "from referencing or introducing evidence related to the purported transcription test given to Paula Schnelly during her deposition and the resultant exhibits." (Doc. 149 at 7.) Defendants identify several grounds for the preclusion of this evidence: the evidence goes to whether Ms. Schnelly did in fact commit a wiretap violation which is not relevant, the evidence will confuse the jury, and it will create a trial within a trial; the transcription test is not an accurate demonstration of how the notes at issue were created and is not relevant to the First Amendment retaliation claim now at issue; and neither Plaintiff nor Plaintiff's counsel are experts and are not qualified to administer a transcription test or give opinion testimony about its results. (*See* Doc. 150 at 7-12.) Plaintiff responds that Ms. Schnelly's "inability during her deposition to transcribe the verbal reading of administrative hearing testimony

5

that she allegedly previously transcribed is relevant evidence as to her credibility." (Doc. 168 at 7.) Plaintiff further asserts that, although the Circuit Court found that Plaintiff spoke as a citizen (as opposed to an employee) on a matter of public concern for purposes of her First Amendment retaliation claim, Ms. Schnelly's credibility remains material, and evidence related to her transcription attempt at her deposition does not require expert testimony. (*Id.* at 8-9.)

> "To prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (internal quotation marks and citation omitted) (alteration in original).

*Javitz*, 940 F.3d at 863–64.

Where this Court concluded on summary judgment that Plaintiff could not satisfy the first element because she spoke as an employee in reporting the alleged crime to the District Attorney's office (Doc. 108 at 22-26), the Circuit Court reversed based on its finding that Plaintiff's speech, i.e., reporting the alleged crime, was that of a citizen speaking on a matter of public concern, 940 F.3d at 867-68.

With this determination, the first element of the retaliation inquiry is not at issue. However, to the extent that presentation of the constitutional conduct in which Plaintiff engaged provides context for the cause of action which is the subject of the trial, Plaintiff will not be precluded from testifying as to events of the particular meeting out of which Plaintiff

6

formed the belief that she had been illegally recorded by Ms. Schnelly and the basis for her belief. However, to the extent Plaintiff wishes to offer testimony to show Ms. Schnelly's transcription abilities, including the speed with which she performs transcription duties, the Court views this as a collateral matter and subject to the proscriptions set out in Federal Rule of Evidence 608(b). Thus, whether Ms. Schnelly is called as on cross-examination pursuant to Federal Rule of Evidence 611(c) or she is called as a witness by Defendants, Rule 608(b) governs the scope of cross-examination on this issue. Beyond this basic framework for consideration, the Court defers further explanation until trial and may supplement its decision at that time.

## IV. CONCLUSION

For the foregoing reasons, a determination on the introduction of specific evidence related to the meeting at issue and Plaintiff's belief that she was illegally recorded will be deferred until the time of trial. As such, Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Evidence Regarding Unnecessary Elements of Plaintiff's First Amendment Claim, Including Plaintiff's Attempt to Subject Paula Schnelly to a Transcription Test (Doc. 149) will be denied without prejudice.

Robert D. Mariani
United States District Judge