THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONNA DAVIS JAVITZ, | : |  |
|---|---|---|
|  | : |  |
| Plaintiff, | : |  |
| v. | : | **3:15-CV-2443** |
|  | : | **(JUDGE MARIANI)** |
| LUZERNE COUNTY, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

## MEMORANDUM OPINION

Here the Court considers Plaintiff's "Daubert" Motion/Limine Motion to Preclude the

Testimony of James Stavros. (Doc. 169.) With the motion, Plaintiff requests that the Court

preclude the testimony and report of Defendants' economic expert, James Stavros, because

his report opines on the ultimate issue in the case and he improperly relies on a 2011

Bureau of Labor report. (*Id.* at 3-4 (citing Pl.'s Ex. A at 6-7, Doc. 169-2; Pl.'s Ex. B, Doc.

169-3).)

### I. BACKGROUND

On December 21, 2015, Plaintiff filed the above-captioned action after she was

terminated from her position as the Director of Human Resources of Luzerne County,

Pennsylvania. (Doc. 1.) Plaintiff was hired for the position on August 4, 2014, and was

terminated on October 26, 2015. (*Id.* ¶¶ 39, 72, 78.) Pursuant to 42 U.S.C. § 1983, the

Complaint contained a Fourteenth Amendment procedural due process claim and a First

Amendment retaliation claim. (*Id.*) Plaintiff also asserted a Breach of Contract claim and a

claim for Violation of PA Whistleblower Act and Wrongful Termination in Violation of Public Policy 43 P.S. Section 1423(A). (*Id*.) Defendants in the action are Luzerne County, Robert Lawton, County Manager for Luzerne County at all relevant times, and David Parsnik, Division Head for Administrative Services for Luzerne County at all relevant times. (*Id.* ¶¶ 2-4.) Plaintiff subsequently filed an Amended Complaint on February 19, 2016, (Doc. 18) and a Second Amended Complaint on April 5, 2017, (Doc. 58).

In response to Defendants' Motion for Summary Judgment (Doc. 66), the Court issued a Memorandum Opinion (Doc. 108) and Order (Doc. 109) on March 29, 2018, granting Defendants' motion in part and directing the Clerk of Court to enter judgment in favor of Defendants on Plaintiff's Fourteenth Amendment due process claim and First Amendment retaliation claim. (Doc. 109 ¶¶ 2, 3.) The Court also dismissed Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). (*Id*. ¶ 4.)

After the Court denied Plaintiff's Motion for Reconsideration Under Federal Rule of Civil Procedure 59, Plaintiff appealed the Court's determination regarding the First Amendment and Fourteenth Amendment claims. (Docs. 113, 117, 118.) With its October 10, 2019, opinion, the Circuit Court affirmed the Court's ruling regarding the Fourteenth Amendment due process claim and remanded the matter for further proceedings regarding the First Amendment retaliation claim. *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019).

As a result of this decision, the only claim now before this Court is Plaintiff's First Amendment retaliation claim. Plaintiff claims that she was terminated in violation of her First Amendment rights after she filed a report with the Luzerne County District Attorney alleging that Paula Schnelly, AFSCME local president and an employee of the District Attorney's office in Luzerne County, illegally recorded a meeting conducted by Plaintiff with AFSME representatives and union members present. (Doc. 58 ¶¶ 50, 51, 55.) The meeting had to do with an unfair labor practice charge AFSME had filed with the Pennsylvania Labor Relations Board against Luzerne County in or about March 2015. (Id. ¶¶ 54-44.)

Defendants contend that "Plaintiff was terminated because of her conduct towards the unions, her refusal to follow through with hiring a Human Resources Business Partner, her failure to initiate policies, procedures and initiatives as directed and issues with the employment application for a candidate for an assistant public defender." (Doc. 67 ¶ 70 (citing Ex. 7 to Defendants' Appendix at 42:11-24).)

Trial is set to commence on June 30, 2021. (See Doc. 198.) The parties have filed numerous motions in limine (Docs. 147, 149, 151, 153, 169, 170), including Defendants' motion at issue here, which are now ripe for disposition.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion

3

to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." Id. While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. ANALYSIS

As noted above, Plaintiff identifies two bases to preclude the report and testimony of Defendants' economic expert, James Stavros: his report opines on the ultimate issue in the case, and he improperly relies on a 2011 Bureau of Labor report. (Doc. 169 at 3-4 (citing Pl.'s Ex. A at 6-7, Doc. 169-2; Pl.'s Ex. B, Doc. 169-3).)   Defendants respond that Plaintiff mischaracterizes Mr. Stavros's report and Plaintiff's argument regarding his methodology as it relates to the Bureau of Labor report is a matter for cross-examination.

Plaintiff's argument that the report and testimony should be precluded because Mr. Stavros may not opine on an ultimate issue does not consider Federal Rule of Evidence 704 which addresses "Opinion on an Ultimate Issue."   Rule 704 states in relevant part that "[a]n opinion is not objectionable just because it embraces an ultimate issue."   Fed. R. Evid.

704(a). Taking Rule 704(a) into account, the foundation of Plaintiff's argument for

preclusion of Mr. Stavros's report and testimony is flawed.

Further, Plaintiff's assertion that "Defendants' expert's opinion is entirely predicated

on his bald conclusion that Plaintiff's termination had nothing to do with her protected

speech" (Doc. 169 at 6) is not an accurate characterization of the cited section of the report.

In his report, Mr. Stavros discusses two scenarios, "one assuming [Plaintiff] incurred no loss

of earnings as a result of her termination from Luzerne County and one assuming she

incurred a temporary past loss of earnings as a result of her termination from Luzerne

County." (Stavros Rpt. at 6, Doc. 169-2.) As to the first scenario, the report states the

following:

> We have not been provided with any expert report or other documentation
> which affirmatively opines that [Plaintiff] was wrongfully terminated. [Plaintiff]
> had been hired by Luzerne County as a human resources director in August
> 2014 and was terminated on October 26, 2015. According to her employment,
> [Plaintiff] could be terminated for just cause. [Her] offer of employment letter
> from the County of Luzerne specifically states "Also note that your employment
> with Luzerne County is "At Will" consistent with applicable PA State Law."
> Therefore, [Plaintiff] was not guaranteed a position in Luzerne County and her
> position could be terminated at any time.

(*Id.* at 6-7.)

The Court agrees with Defendants that Mr. Stavros does not opine whether Plaintiff

was wrongfully terminated, he states only that he is not in possession of "any expert report

or affirmative documentation" that she was wrongfully terminated. (*See* Doc. 179 at 5.) Mr.

Stavros does not make a "bald conclusion that Plaintiff's termination had nothing to do with

6

her protected speech" (Doc. 169 at 6), and, in fact, says nothing about her protected speech. Plaintiff does not dispute that the quoted section of Mr. Stavros's report essentially lists *facts* related to Plaintiff's employment. Thus, Plaintiff's argument regarding this portion of Mr. Stavros's report does not support her conclusion that he should be precluded from testifying. To the extent Plaintiff finds Mr. Stavros's report confusing, misleading, or irrelevant, should these concerns arise in the course of Mr. Stavros's testimony at trial, Plaintiff will have the opportunity to raise suitable objections and/or cross-examine Mr. Stavros.

The second basis upon which Plaintiff seeks to preclude Mt. Stavros's report and testimony is her assertion that Mr. Stavros's methodology is flawed as it relates to his use of a 2011 Bureau of Labor report considering the question of "[h]ow long before the unemployed find jobs or quit looking." (Doc. 169 at 7.) This allegation goes to the facts and data supporting one aspect of Mr. Stavros's opinion.

With respect to expert testimony, the Rules of Evidence, and Rule 702 in particular, assign the trial Court "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Pursuant to Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts
of the case.

Fed. R. Evid. 702. The inquiry under Rule 702 is "a flexible one." *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993). The overarching subject of the Rule is "the

scientific validity and thus the evidentiary relevance and reliability—of the principles that

underlie a proposed submission." *Id.* at 594-595.[1]  Rule 703 is also instructive:

An expert may base an opinion on facts or data in the case that the expert has
been made aware of or personally observed. If experts in the particular field
would reasonably rely on those kinds of facts or data in forming an opinion on
the subject, they need not be admissible for the opinion to be admitted. But if
the facts or data would otherwise be inadmissible, the proponent of the opinion
may disclose them to the jury only if their probative value in helping the jury
evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

With these principles in mind, the Court concludes that, while Plaintiff cites relevant

caselaw (Doc. 169 at 7-8), she criticizes a discrete aspect of Mr. Stavros's report but she

does not raise a comprehensive *Daubert* challenge seeking to disqualify him pursuant to

relevant rules of evidence.  The Third Circuit has explained that Rule 702 embodies a trilogy

of restrictions on expert testimony: qualification, reliability and fit.  *In re Paoli R.R. Yard PCB*

---

[1] Although *Daubert* held that Rule 702 imposes an obligation on the Court to "ensure that any and
all scientific testimony ... is not only relevant, but reliable", this gatekeeping obligation has subsequently
been extended to all expert testimony and is not limited only to "scientific" testimony. *See Kumho Tire Co.,
Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

*Litig.*, *(Paoli II)*, 35 F.3d 717, 741–743 (3d Cir. 1994) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). As Plaintiff's motion lacks the in-depth analysis necessary to address the factors central to the Court's consideration of the general admissibility of an expert opinion, the limited information presented does not provide a basis to preclude Mr. Stavros from offering any opinion or testimony at trial. As with the Court's determination regarding testimony on the ultimate issue, if Plaintiff questions Mr. Stavos's methodology regarding his use of the 2011 Bureau of Labor report, timely and suitable objections as well as cross-examination are the appropriate vehicles to do so. In sum, given the circumstances presented here, the Court finds that Plaintiff can cross-examine Defendants' expert to elicit evidence that she believes supports her view of the aspects of the expert report challenged in the pending motion.

## IV. Conclusion

For the reasons set out above, Plaintiff's "Daubert" Motion/Limine Motion to Preclude the Testimony of James Stavros (Doc. 169) will be denied without prejudice. A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge