# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DAVIS JAVITZ, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-2443 |
| | : (JUDGE MARIANI) |
| LUZERNE COUNTY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

Here the Court considers Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Evidence Related to Plaintiff's Previously Dismissed Due Process Claim (Doc. 153). With the motion, Defendants maintain that Plaintiff should not be allowed to reference or introduce any evidence related to this claim at trial. (*Id.* ¶¶ 15-16.)

### I. BACKGROUND

On December 21, 2015, Plaintiff filed the above-captioned action after she was terminated from her position as the Director of Human Resources of Luzerne County, Pennsylvania. (Doc. 1.) Plaintiff was hired for the position on August 4, 2014, and was terminated on October 26, 2015. (*Id.* ¶¶ 39, 72, 78.) Pursuant to 42 U.S.C. § 1983, the Complaint contained a Fourteenth Amendment procedural due process claim and a First Amendment retaliation claim. (*Id.*) Plaintiff also asserted a Breach of Contract claim and a claim for Violation of PA Whistleblower Act and Wrongful Termination in Violation of Public

Policy 43 P.S. Section 1423(A). (*Id.*) Defendants in the action are Luzerne County, Robert Lawton, County Manager for Luzerne County at all relevant times, and David Parsnik, Division Head for Administrative Services for Luzerne County at all relevant times. (*Id.* ¶¶ 2-4.) Plaintiff subsequently filed an Amended Complaint on February 19, 2016, (Doc. 18) and a Second Amended Complaint on April 5, 2017, (Doc. 58).

In response to Defendants' Motion for Summary Judgment (Doc. 66), the Court issued a Memorandum Opinion (Doc. 108) and Order (Doc. 109) on March 29, 2018, granting Defendants' motion in part and directing the Clerk of Court to enter judgment in favor of Defendants on Plaintiff's Fourteenth Amendment due process claim and First Amendment retaliation claim. (Doc. 109 ¶¶ 2, 3.) The Court also dismissed Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* ¶ 4.)

After the Court denied Plaintiff's Motion for Reconsideration Under Federal Rule of Civil Procedure 59, Plaintiff appealed the Court's determination regarding the First Amendment and Fourteenth Amendment claims. (Docs. 113, 117, 118.) With its October 10, 2019, opinion, the Circuit Court affirmed the Court's ruling regarding the Fourteenth Amendment due process claim and remanded the matter for further proceedings regarding the First Amendment retaliation claim. *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019).

As a result of this decision, the only claim now before this Court is Plaintiff's First Amendment retaliation claim. Plaintiff claims that she was terminated in violation of her

First Amendment rights after she filed a report with the Luzerne County District Attorney alleging that Paula Schnelly, AFSCME local president and an employee of the District Attorney's office in Luzerne County, illegally recorded a meeting conducted by Plaintiff with AFSME representatives and union members present. (Doc. 58 ¶¶ 50, 51, 55.) The meeting had to do with an unfair labor practice charge AFSME had filed with the Pennsylvania Labor Relations Board against Luzerne County in or about March 2015. (*Id.* ¶¶ 54-44.)

Defendants contend that "Plaintiff was terminated because of her conduct towards the unions, her refusal to follow through with hiring a Human Resources Business Partner, her failure to initiate policies, procedures and initiatives as directed and issues with the employment application for a candidate for an assistant public defender." (Doc. 67 ¶ 70 (citing Ex. 7 to Defendants' Appendix at 42:11-24).)

Trial is set to commence on June 30, 2021. (*See* Doc. 198.) The parties have filed numerous motions in limine (Docs. 147, 149, 151, 153, 169, 170), including Defendants' motion at issue here, which are now ripe for disposition.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." Id. While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of

4

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . .* [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

With the pending motion, Defendants assert that Plaintiff should not be allowed to reference or introduce any evidence related to her due process claim which has been dismissed. (Doc. 153 ¶¶ 15-16.) Defendants cite the following specific evidence which should be excluded: Personnel Code, Home Rule Charter, Ethics Code, the meetings related to her termination, the alleged absence of a Loudermill Hearing, any evidence related to her purported career service status, and any testimony about other employees receiving due process or other discipline. (Doc. 153 ¶ 15.)

In their supporting brief, Defendants maintain that the listed evidence, evidence upon which Plaintiff's due process claim was based, should be precluded on two grounds: introduction of the evidence will confuse and mislead the jury; and any probative value of the evidence would easily be outweighed by its potential prejudicial effect pursuant to Federal Rule of Evidence 403. (Doc. 154 at 5-7.) Defendants do not elaborate upon the former. As to the latter, they contend that introduction of the listed evidence would lead the

jury to unnecessarily consider unrelated due process issues when deciding if Plaintiff's complaint to the District Attorney was the reason Plaintiff was terminated. (*Id.* at 8.)

Plaintiff responds that Defendants do not assess whether the Luzerne County Personnel Code, Personnel Policy and Home Rule Charter are probative of her First Amendment claim and certain evidence can be relevant to both her pending First Amendment retaliation and the dismissed due process claim. (Doc. 167 at 7-8.) Plaintiff further asserts that she

> must be permitted to introduce evidence of Defendants' intentional failure to follow their own written employment policies following Plaintiff's protected speech. Defendants' willful disregard for these polices may serve to "deter a person of ordinary firmness" from exercising his or her First Amendment rights. If Plaintiff is prohibited from introducing this evidence at trial, the jury will have no context from which to determine whether Defendants' actions were in fact retaliatory.

(Doc. 167 at 10.) Plaintiff does not point to any basis for the relevancy, in the First Amendment Retaliation context, of evidence of the meetings associated with her termination, the alleged absence of a Loudermill Hearing, any evidence related to her purported career service status, and any testimony about other employees receiving due process or other discipline. (*See* Doc. 167.)

Defendants reply that they are not opposed to the introduction of evidence related to the Personnel Code, Personnel Policy and Home Rule Charter as they relate to the selection and promotion of employees, applications or job duties of the witnesses. (Doc.

173 at 4.) Similarly, they do not objection to the use of the documents to rebut Defendants' assertions of a legitimate and non-retaliatory basis for Plaintiff's termination. (*Id.*)

Based on the foregoing, the parties appear to agree that the Personnel Code, Personnel Policy, and Home Rule Charter should not be excluded from introduction at trial as they related to Plaintiff's First Amendment Retaliation claim. The Court agrees with this assessment. Thus, while Plaintiff will be precluded from presenting evidence for the purpose of establishing or otherwise referencing a due process claim arising out of her termination because that claim was dismissed and affirmed on appeal, Plaintiff will not be precluded from introducing evidence related to the policies and procedures of Luzerne County to the extent that such policies or procedures or other evidence are related to her First Amendment retaliation claim. At trial, should Defendants believe that Plaintiff is offering evidence that relates to her dismissed due process claim, they shall have the obligation to timely object to such evidence.

### IV. CONCLUSION

For the reasons set out above, Defendants Luzerne County, Robert C. Lawton and David Parsnik's Motion in Limine to Preclude Evidence Related to Plaintiff's Previously Dismissed Due Process Claim (Doc. 153) will be granted as modified. An appropriate Order is simultaneously filed with this Memorandum Opinion.

Robert D. Mariani
United States District Judge